**General Order**
**Western District of Missouri**
**Mediation and Assessment Program**
**(Restatement Effective August 1, 2013,**
**Amendment Effective September 1, 2015**
**Amendment Effective November 14, 2019)**

## I. PURPOSE

The Court's Mediation and Assessment Program ("MAP" or the "Program") is designed to encourage parties to: 1) confront the facts and issues in their case before engaging in unnecessarily expensive and time-consuming discovery procedures, 2) engage in early and meaningful discussions of the issues, 3) consider the views of the opposing side, 4) consider the projected costs of future proceedings in an effort to settle the case before costs and lawyers' fees have made settlement more difficult, and 5) consider other methods of resolving their disputes. It recognizes that full formal litigation of civil claims can impose large economic and other burdens on parties and can delay the resolution of disputes. It will be administrated by a "Director," and all references herein to "Director" shall be deemed to be referring to the Director of the Program.

## II. PROGRAM OVERVIEW

A. **Mediation.** Mediation is the primary method of Alternative Dispute Resolution ("ADR") offered by the Court under this Program.

1. Mediation is a process in which a neutral third party assists the parties in developing and exploring their underlying interests (in addition to their legal positions), promotes the development of options and assists the parties toward settling the case through negotiations. The mediation process does not normally contemplate presentations by witnesses.

2. The Director, Mediating Judge or Outside Mediator (collectively "Mediator") may give to any or all parties:

    a) an estimate, where feasible, of the likelihood of liability and the dollar range of damages;

    b) an opinion of the verdict if he or she were the trier of fact;

    c) an assessment of key evidentiary and tactical issues; and

    d) a nonbinding, reasoned evaluation of the case on its merits.

3. The Mediator does not review or rule upon questions of fact or law, or render any final decision in the case.

4. The Mediator does not have power to impose a settlement or to dictate any agreement regarding the pretrial management of the case. This provision shall not preclude the parties from reaching an agreement with assistance from the Mediator as to what information should be exchanged prior to mediation, so long as it does not contradict or conflict with the Scheduling Order or any other order as to the management of the case.

**B. Other Options.** If any participant in the Program is interested in an ADR option other than mediation, such as early neutral evaluation, mini-trials, summary jury trials, arbitration or some other hybrid form of ADR ("other ADR option sessions"), that participant should contact the Director to discuss sufficiently in advance of the mediation or pre-mediation conference, if applicable. If the parties are unable to agree, the Director in his or her discretion, after consultation with one or all the parties, may select some other form of ADR. The Director may not select binding arbitration unless all parties agree in writing.

## III. ROLE OF DIRECTOR

**A. Selection.** The Program Director shall be selected by the Court.

**B. Director Responsibilities.** In addition to any responsibilities or duties noted elsewhere in this General Order or as assigned by the Chief Judge, the Director shall have the following responsibilities:

1. Direct and administer the Program, including developing guidelines and rules consistent with this General Order and coordination of all activities with the office of the Western District Clerk.

2. Set and conduct mediation sessions or other ADR option sessions as time permits. Serve as a mediator at any subsequent mediation or other ADR option sessions in his or her discretion.

3. Oversee the assignment, and where necessary reassignment, of cases in the Mediation and Assessment Program. To the extent not otherwise handled automatically by CM/ECF, assign cases for mediation or for other appropriate ADR option sessions to: United States Magistrate Judges, United States Bankruptcy Judges, Outside Mediators, the Director, and if a United States District Court Judge consents to the assignment, cases may be assigned to a United States District Court Judge.

4. Assist in monitoring the evaluation of the Program, including participation in the development, compilation and analysis of surveys, questionnaires and focus groups for counsel and clients.

5. Require mediators on the List of Mediators to take selected cases pro bono if needed. Such assignment shall be made using a fair process in the sole discretion of the Director. The Director shall develop guidelines for determining whether a case qualifies for pro bono assignment.

6. Report to the Court on the status of the Program and make appropriate recommendations for modifications of the Program.

7. Decide, in his or her discretion, at any time in the process, to exempt, temporarily suspend, extend the deadlines or withdraw a case from the Program, if for any reason, the case is not suitable for the Program.

8. Permit, in his or her discretion, parties to submit written mediation or other ADR statements, no longer than three pages three business days prior to the session.

9. Organize and conduct, in his or her discretion, training or other sessions for Mediators and participants as needed and as time permits.

10. Select, organize and lead, in his or her discretion, a group or advisory board to provide input and suggestions for the Program as needed and as time permits.

11. Develop a policy which will address the collection of files, written statements, and other confidential materials for storage and destruction.

## IV. INCLUDED CASES

**A. Case Selection.** All non-excluded civil cases filed in the Western District shall be included in the Mediation and Assessment Program.

**B. Excluded Cases.** The following cases are excluded from the Program:

1. Multi-district cases

2. Social Security appeals

3. Bankruptcy appeals

4. Habeas Corpus actions

5. Prisoner pro se cases

6. Other pro se cases where motion for appointment of counsel is pending



Case 4:22-cv-00616-HFS Document 2-1 Filed 09/28/22 Page 3 of 12

7. Prisoner cases

8. Student Loan cases

9. Citizenship or Immigration cases.

C. **Class and Collective Actions.** The Director may determine in his or her discretion when and how to involve class and collective action cases in the Program.

D. **Additions.** The Director or any Western District Judge may in his or her discretion add additional cases to the Program which are not automatically assigned to the Program.

## V. GENERAL PROCEDURES

A. **Notice to Parties.** Notice to parties of case selection for the Program shall be provided as follows:

1. When a non-excluded case is filed, the parties will receive electronic Notice of Inclusion in the Program and assignment of their case to the Program Director, a Western District Judge or the Outside Mediator category for purposes of mediation.

2. The Clerk shall mail a copy of the Notice of Inclusion to any pro se litigant who does not utilize CM/ECF.

3. In pro se matters or other matters in which the Clerk is required to issue service, the Notice of Inclusion shall be attached by the Clerk to each summons issued in such action.

4. Plaintiff's counsel shall serve a copy of the Notice of Inclusion on defense counsel in conjunction with service of the Complaint or, if applicable, Defendant's counsel shall serve a copy of the Notice of Inclusion on Plaintiff's counsel in conjunction with service of the Notice of Removal.

B. **Timing.** The initial mediation or other ADR option session conducted pursuant to this Program shall occur no later than 75 calendar days after the Rule 26 meeting unless an extension of time is granted pursuant to Section V.C. below.

C. **Extensions.**

1. Extensions of Deadlines and Events in Outside Mediator Cases and Director Cases. Requests for extensions of Program deadlines and events shall be made in writing (email and facsimile are acceptable) to the Director within five business days of receiving notice of the deadline or event, unless another timeframe is set by

the Director. The request shall include the detailed good cause reason for the requested extension and the opposing party's position on the requested extension. The Director may grant or deny the request in his or her discretion. Appeals from the Director's decision, while discouraged, may be made by written motion to the Judge to whom the case is assigned.

2. Extensions or Changes to a Mediation Date with a Mediating Judge. If good cause exists to request a change in the mediation date set by the Mediating Judge, such request shall be made in writing to the Mediating Judge within five business days of notice of the mediation or other ADR option session or within the timeframe otherwise required by the Mediating Judge.

3. Mediation Dates Set by Director or Mediating Judges. If the Director or a Mediating Judge schedules a mediation or other ADR option session outside the 75 calendar day period following the Rule 26 meeting, such scheduling will operate as an automatic and acceptable extension under this Section without any additional action on the part of counsel or the parties.

**D. Opting Out.** Cases will not normally be allowed to opt out of the Program. However, there may be cases where good cause can be demonstrated for opting out. All requests to opt out shall be in writing and shall set forth in detail the reasons for the request. A written request (email and facsimile are acceptable) asking to opt out shall be sent to the Director within ten calendar days of receiving the initial Notice of Inclusion that the case is assigned to the Program. Subject to the considerations stated herein, the Director may grant or deny the request in his or her discretion. Appeals from the Director's decision, while discouraged, may be made by written motion to the Judge to whom the case is assigned.

**E. Attendance at Program Sessions and Location.**

1. Parties and Representatives

a) Parties. It is the intent of the Court that the parties attend all mediation or other ADR option sessions in person where there will be significant discussion about resolving the case.

b) Party Alternate. A party other than a natural person satisfies the attendance requirement if represented by a person or persons (other than outside or local counsel) with authority to enter into stipulations, with reasonable settlement authority, and with sufficient stature in the

organization to have direct access to those who make the ultimate decision about settlement.

c) Insurer. If an insurance company's approval is required by any party to settle a case, a representative of the insurance company with significant settlement authority shall attend the mediation or other ADR option sessions in person.

2. Proper Representative. If it appears to the Mediator that a case is not being reasonably evaluated by the representative present, the Mediator may meet privately with one or both sides to determine the analysis that has gone into the evaluation of the case, including the names and the authority of the individual involved in the analysis. The Mediator may request identified individuals or designate a level of authority to be present if subsequent Program sessions are scheduled.

3. Counsel. Each party shall be accompanied in person by the lawyer expected to be primarily responsible for handling the trial of the matter ("lead trial counsel"). Local counsel is not typically required to attend the mediation or other ADR option session but may be required to attend the mediation or other ADR session in the Director's discretion. If an individual is not represented by counsel, that party may appear on his or her own behalf.

4. Attendance. The parties, party alternate (when applicable), insurer (when applicable) and lead trial counsel shall attend all mediations or other ADR option sessions in person unless their attendance has been excused in advance by the Director or Mediating Judge. This attendance requirement reflects the Court's view that a couple of the principle purposes of the Program sessions are to afford litigants an opportunity to articulate their positions and to learn about opposing parties' positions and to be properly positioned to make effective progress toward resolving the case. See Section VI.B.2. for limitations on excusal and modification of these requirements by Outside Mediators.

5. Location. Mediation shall be held in the city of the divisional office in which the case is pending, unless otherwise agreed to in advance by the parties and approved by the Mediator, or unless otherwise selected by the Mediating Judge or Director.

**F. Additional Sessions.** Additional mediation sessions or other ADR option sessions may be required at the discretion of the Director, Mediating Judge or the Judge to whom the case is assigned.

G. **Mediation Statements.** If required, mediation statements shall not be filed with the Court, and the Judge assigned to hear the case shall not have access to them.

H. **Mediation-Related Activities.** The Mediator may in his or her discretion conduct pre- and post-mediation activities including but not limited to a pre-mediation conference to discuss, with the parties separately or jointly, what discovery or additional discovery is needed and may devise a plan for sharing the important information and/or conducting the key discovery that will equip them, as expeditiously as possible, to enter meaningful settlement discussions.

I. **Status Reports.** The Director may request a status report from the parties, counsel or the Mediator at any time. Failure of the parties, counsel or Outside Mediator to timely provide requested information may be grounds for sanctions under Section X.

J. **Notice of Settlement.** If the parties settle the case prior to the mediation or other ADR option session, the Mediator, the Director and the Court shall be advised promptly.

K. **Reports of Violations.** Mediators, parties and counsel shall promptly report in writing violations of this General Order to the Director and the Court.

## VI. PROCEDURES APPLICABLE TO CASES MEDIATED BY AN OUTSIDE MEDIATOR

### A. Selection of Outside Mediator.

1. Mediator Designation. When a case is assigned for mediation with an Outside Mediator, the parties or their counsel shall within fourteen calendar days after the Rule 26 meeting electronically file a Designation of Mediator notice (as an ADR event in CM/ECF) identifying their selected Outside Mediator and the date, time and specific location of the mediation. If the Director approves, in writing and in advance, the parties may select as a mediator a person not on the List of Mediators.

2. No Agreement. If the parties do not agree on, or choose not to select, an Outside Mediator, the Director will give the parties a list of potential mediators selected by the Director. The number of potential mediators on the list will be twice the number of "sides" in the litigation plus one. (For example, in litigation having two "sides," the list will contain five names.) The parties shall have seven calendar days from the date on the list of potential mediators to:

a) agree as to a mediator on the list and to report the selection of the agreed mediator to the Director in writing, or

b) designate a "strike" of the names of two potential mediators on the list of potential mediators. The strikes shall be in writing and shall be delivered to the Director, preferably by email or facsimile.

Unless the parties have agreed on a mediator as set out above, the Director shall designate one of the persons remaining on the list of potential mediators and shall promptly notify the parties and the mediator of the designation.

Upon failure of counsel to file the Designation of Mediator with all required information or to secure a mutually agreeable date, the Director may fix the date, time and place for the mediation or other ADR option session.

**B. Mediation with Outside Mediators.**

1. Date of Mediation. Section V.B. governs the timeframe within which the mediation or other ADR option session shall occur. The Outside Mediator may, with the consent of all parties and counsel, reschedule the mediation to a date certain not later than ten calendar days after the scheduled date. Any continuance beyond that time or any continuance of the mediation deadline itself must be approved by the Director in accordance with Section V.C.

2. Limits on Excusing Attendance Requirements. Outside Mediators may not excuse the participation or appearance or allow an alternate mode of appearance of a party, party alternate, insurer or lead trial counsel from mediation without written approval from the Director sufficiently in advance of the mediation or other ADR option session.

3. Post-Mediation Status Report. Within ten calendar days following the conclusion of the mediation or other ADR option session, the Mediator and parties (pro se or by counsel) shall submit a status report to the Director stating whether all required parties were present, the outcome of the session, whether additional settlement discussions would be productive and at what point in time or after what specific events, in addition to other information the Director may require for evaluation or follow-up purposes. The Director may request a status report from the counsel or the Mediator at any time.

## VII. LIST OF OUTSIDE MEDIATORS

A. **List of Mediators.** The Director shall prepare a list of persons who appear to have the minimum requirements to serve as a Mediator, as described below. The Director may add or delete persons from the List of Mediators. A copy of the List of Mediators will be available on the Court's internet site. Being on the List of Mediators is not an indication that a person is a qualified mediator. The Court is not certifying or representing that persons on the List of Mediators are qualified.

B. **Minimum Requirements to be on the List of Mediators.**

1. All applicants for the List of Mediators must complete the required application form.

2. A person may be placed on the List of Mediators if:

a) the person has been a United States District Judge, a United States Appellate Judge, a United States Magistrate Judge, a United States Bankruptcy Judge, a Missouri Circuit Court Judge, or a Missouri Appellate Judge, has had arbitration or mediation experience, and has not demonstrated any trait or behavior that is reasonably believed by the Director to be contrary to the effective and efficient management of this Program;

b) the person is currently admitted to the Bar of this Court, has been a member of a state bar for at least eight consecutive years, has completed 16 hours of Continuing Legal Education training, certified under Missouri Supreme Court Rule 17 or by this Court, or the reasonable equivalent thereof, and has not demonstrated any trait or behavior that is reasonably believed by the Director to be contrary to the effective and efficient management of this Program; or

c) the person is not an attorney but has obtained a degree or extensive specialized training in alternative dispute resolution, conflict management or another discipline, has had mediation experience, is knowledgeable about civil litigation in federal court, and has not demonstrated any trait or behavior that is reasonably believed by the Director to be contrary to the effective and efficient management of this Program.

C. **Removal from List of Mediators.** The Director may remove any person from the List of Mediators for any reason consistent with the effective management of the Program, including but not limited to, the Outside Mediator's failure to: provide required reports, attend any required training sessions, contribute pro bono mediation time if requested, timely mediate cases or enforce applicable requirements for mediation in Outside Mediator cases.

D. **Oath.** Each Mediator shall take and sign the oath or affirmation prescribed by 28 U.S.C. § 453 before acting as a Mediator.

E. **Disqualification.**

1. Title 28 U.S.C. § 144 may be utilized to seek the disqualification of a Mediator.

2. No person shall serve as a Mediator in any action in which any of the circumstances specified in 28 U.S.C. § 455 exist and would apply if the mediator were a "judge."

3. Any party who believes that a Mediator has a conflict of interest or should be disqualified shall immediately bring the matter to the attention of the Director.

F. **Compensation.**

1. Normally Outside Mediators shall be compensated at no more than the hourly rate listed by them in their application filed with the Director and shown on the List of Mediators, which may be updated on the List of Mediators at the request of the Outside Mediator. However, if agreed in writing and in advance between the Outside Mediator and the parties, the Outside Mediator may be compensated at a different hourly rate or by an alternative arrangement as stated in such agreement.

2. The Director may promulgate additional guidelines for Outside Mediators for allowable charges (e.g., for research, preparation, opinion writing, etc.) and expenses.

3. Absent agreement to the contrary, or unless the Director determines otherwise, the cost of the Outside Mediator's services shall be borne equally by the parties.

4. Except as provided in this section, a Mediator shall not charge or accept anything of value from any source whatsoever for or relating to acting as a Mediator.

5. As a condition to inclusion on the List of Mediators maintained by the Director, a Mediator shall agree to serve pro bono periodically as assigned by the Director.

G. **Mediators as Counsel in Other Cases.** Any person who is designated as an Outside Mediator pursuant to this General Order shall not for that reason be disqualified from appearing as counsel in any other unrelated case pending before the Court.

## VIII. CONFIDENTIALITY

A. **General Provision.** This Court, the parties, their counsel, the Mediator and any other participant in the Program shall treat as confidential the contents of any written mediation statement and anything said in mediation, including any position taken and any views of the case as expressed by any participant or Mediator. Confidential information shall not be disclosed to: 1) anyone not involved in the litigation; 2) the assigned Judge; or 3) for any impeachment in any pending or future proceeding in this Court or any other forum, unless otherwise excepted in Section VIII.B. below. The Mediator shall not be inquired of or called as a witness or deponent in any proceeding related to the dispute in which the Mediator served or be compelled to produce documents that the Mediator received or prepared for mediation or other ADR session.

B. **Exceptions.** The confidentiality provisions do not prohibit:

1. Disclosure as stipulated to by all parties, counsel and the Mediator.

2. Disclosure of a fully executed term sheet, settlement agreement, or resolution placed on the record, to enforce a settlement.

3. Disclosure as required by law or court order.

4. Disclosure of a threat or plan to inflict bodily harm or commit a violent crime.

5. Disclosure made in a subsequent confidential mediation or other ADR session in that same case.

6. Disclosure, discoverability or admissibility of information or documents otherwise discoverable under the Federal Rules of Civil Procedure simply because of its introduction or use in mediation or other ADR session.

7. The parties and counsel providing ADR status reports or otherwise providing information to the Director regarding a possible violation of this General Order.

8. The Mediator from providing ADR status reports or otherwise providing information to the Director, the assigned Judge or Court en banc regarding noncompliance by the parties, counsel or the Mediator with this General Order.

9. The Director from attending any Program session and discussing with any Mediator, party or counsel any communication, comment, assessment, evaluation or recommendation.

10. The parties, counsel, Mediator or Director from responding to inquiries by persons duly authorized by the Court to analyze and evaluate the Program. The names of the people responding and any information that could be used to identify specific cases or parties shall be confidential.

C. **No Recording.** No recording shall be made of any of the mediation or other ADR option sessions held under the Program, nor shall parties utilize private court reporters or any other type of recording technology during the Program sessions, unless all parties agree, or unless the recording is made under non-binding arbitration, or unless the parties have agreed to binding arbitration.

D. **Confidentiality Agreement.** The Mediator may ask counsel, the parties and all persons attending the mediation or other ADR option session to sign a confidentiality agreement.

## IX. EVALUATION

The Court may require evaluation of the Program to: (a) determine the success of the Program in expediting the processing of cases and reducing costs; (b) measure the satisfaction of the parties with the Program; (c) explore enhancements or changes to the Program; and (d) compare components or elements of the Program.

## X. SANCTIONS

If a party or counsel fails to make a good faith effort to participate in the Program in accordance with the provisions and spirit of this Order, the assigned Judge or Court may impose appropriate sanctions.